PATRICK N. CHAPIN, Esq.
Nevada Bar No. 4946
PATRICK N. CHAPIN LTD.
129 Cassia Way
Henderson, Nevada 89014
Telephone: 702 433-7295
Facsimile: 702 403-1919

BARRY LIEBERMAN
Nevada Bar No. 0979
BARRY LIEBERMAN, ESQ. P.C.
9500 West Flamingo Road—Suite 108
LAS VEGAS, NEVADA  89147
Telephone: 702 880-8125
Facsimile: 702 880-8126

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY LIEBERMAN, <br><br> Plaintiff <br><br> v. <br><br> COAST HOTELS AND CASINOS, INC., COAST CASINOS, INC., BOYD GAMING CORPORATION, Does I through V and Roe Entities VI though X <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

COMES NOW PLAINTIFF BARRY LIEBERMAN, by and through his attorneys, and alleges as follows:

1.      Plaintiff Barry Lieberman ("Lieberman") is a resident of Clark County, Nevada.

2.      Defendant Coast Hotels and Casinos, Inc. is a Nevada corporation doing business in Clark County, Nevada. Defendant Coast Casinos, Inc. is a Nevada corporation

1

doing business in Clark County, Nevada. Defendant Boyd Gaming Corporation is a Nevada corporation doing business in Clark County Nevada.

3. Defendant Does I through V are individuals whose names and identities are currently unknown, but who participated in the decision to discriminate against Lieberman by terminating Lieberman as an employee of Coast Hotels and Casinos, Inc. in whole or in part on the basis of his age and religion, who participated in the denial of monetary and other benefits earned by Lieberman from January 1, 2004 through the date of Lieberman's discharge from employment by Coast Hotels and Casinos, Inc. and who participated in the retaliation against Lieberman for Lieberman's filing of a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Nevada Equal Rights Commission.

4. Defendant Roes VI through X are business entitles whose names and identities are currently unknown, but who participated in the decision to discriminate against Lieberman by terminating Lieberman as an employee of Coast Hotels and Casinos, Inc. in whole or in part on the basis of his age and religion, who participated in the denial of monetary and other benefits earned by Lieberman from January 1, 2004 through the date of Plaintiff's discharge from employment by Coast Hotels and Casinos, Inc. and who participated in the retaliation against Lieberman for Lieberman's filing of a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Nevada Equal Rights Commission.

5. This Court has jurisdiction over this action pursuant to Title 28 U.S.C Sections 1331, 1332 and pursuant to the doctrine of ancillary jurisdiction.

6. Venue of this action is proper under Title 28 U.S.C. Section 1391.

7. On or about September 2, 1996, Lieberman was hired as General Counsel and a Vice President for Coast Hotels and Casinos, Inc. and Coast Casinos, Inc. and served in that capacity until discharged without cause on October 31, 2006.

8. On July 1, 2004, Boyd Gaming Corporation acquired all of the stock of Coast Casinos, Inc. and Coast Hotels and Casinos, Inc. through a merger with Coast Casinos, Inc.

9. After such merger, Lieberman continued to serve as General Counsel and Vice-President for both Coast Hotels and Casinos, Inc. and Coast Casinos, Inc. and became the Secretary of both corporations as well.

10. Steven Harris ("Harris") worked as Associate General Counsel for Coast Hotels and Casinos, Inc. and Coast Casinos, Inc.

11. Together Lieberman and Harris handled the legal affairs of Coast Hotels and Casinos, Inc. and Coast Casinos, Inc., including the Gold Coast Hotel and Casino, the Orleans Hotel and Casino, the Suncoast Hotel and Casino, the Barbary Coast Hotel and Casino and the South Coast Hotel and Casino (opened in December 2005) until October, 2006.

12. After July 1, 2004, Lieberman continued to perform his functions as General Counsel of Coast Casinos, Inc. and Coast Hotels and Casinos, Inc. without anyone advising him that he was performing those functions in an unsatisfactory manner.

13. During the period between July 1, 2004 and July 31, 2006, Lieberman was assured in writing by William S. Boyd, the Chief Executive Officer of Boyd Gaming Corporation, that he was a "valued member of Boyd Gaming's management team" and that "[t]he Board of Directors recognize your contributions to the Company's success and believes that your dedication will continue to make Boyd Gaming one of the most admired and well respected, as well as profitable gaming companies in the industry."

14. Upon information and belief, between July 1, 2004 and October 31, 2006, other employees of Boyd Gaming Corporation, Coast Hotels and Casinos, Inc. and Coast Casinos, Inc. who were similarly situated to Lieberman, received bonuses, stock options and other compensation benefits not offered to Lieberman or offered to Lieberman in amounts less than those offered to the other similarly situated employees.

15. In December, 2005, Lieberman was advised he was receiving options to purchase 4,500 shares of Boyd Gaming Corporation at a price of $39.96 per share but that such options would only "vest" in 1500 share increments on October 19, 2006, October 19, 2007 and October 19, 2008.

16. In the spring of 2006, Lieberman was advised by the Chief Operating Officer of Coast Hotels and Casinos, Inc. that he was part of the Executive Bonus Plan offered by

Boyd Gaming Corporation and that if certain "goals" were met by Boyd Gaming Corporation, Coast Casinos, Inc. and Coast Hotels and Casinos, Inc., Lieberman would be entitled to a bonus of up to $45,000 for the year 2006.

17. On or about the second week of September, 2006, Brian Larson, the General Counsel for Boyd Gaming Corporation advised Lieberman that he would no longer be needed as the General Counsel of Coast Casinos, Inc. and Coast Hotels and Casinos, Inc. and that the Boyd Gaming Corporation General Counsel's office had enough "senior" attorneys and that there would be no room for Lieberman in that office.

18. On October 31, 2006, Lieberman was discharged as an employee of Coast Casinos, Inc. and Coast Hotels and Casinos, Inc. (hereinafter jointly referred to as "Coast Hotels and Casinos.")

19. Lieberman requested a copy of his "employment file" after he was discharged and received a copy of all documents purportedly in such file. However, the form utilized by Coast Hotels and Casinos, when an employee is terminated was not included in the packet sent to Lieberman, and therefore Lieberman was unable to ascertain the written reason used to justify Lieberman's discharge.

## FIRST CLAIM FOR RELIEF

### (Age Discrimination under Federal Law)

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. At the time of his discharge from Coast Hotels and Casinos, Lieberman was 54 years old.

22. At the time of his discharge from Coast Hotels and Casinos, Lieberman was performing all his job duties in a satisfactory manner.

23. From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Lieberman suffered adverse job actions.

24. From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Boyd Gaming Corporation and Coast Hotels and Casinos hired, retained and made job offers to other individuals similarly situated to Lieberman but younger than Lieberman.

25. From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Lieberman was discriminated against by Defendants on the basis of his age, in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.). The discrimination was engaged in by Defendants with malice and/or reckless indifference to whether Defendants were acting in violation of federal and state law.

26. On November 17, 2006, Lieberman filed a Charge of Discrimination with the Nevada Equal Rights Commission and the United States Equal Employment Opportunity Commission. A "Right to Sue" letter was issued by the Equal Employment Opportunity Commission on June 25, 2007.

## SECOND CLAIM FOR RELIEF

### (Age Discrimination under Nevada Law)

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 and 21 through 26 of this Complaint as though fully set forth herein.

28. From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Lieberman was discriminated against by Defendants on the basis of his age, in violation of Nevada Revised Statutes 613.330.

## THIRD CLAIM FOR RELIEF

### (Religious Discrimination under Federal Law)

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 and 21 through 26 of this Complaint as though fully set forth herein.

30. At the time of his discharge from Coast Hotels and Casinos, Lieberman was a practicing member of the Jewish religion.

31. At the time of his discharge from Coast Hotels and Casinos, Lieberman was performing all his job duties in a satisfactory manner.

32. From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Lieberman suffered adverse job actions.

33. From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Boyd Gaming Corporation and Coast Hotels and Casinos, Inc hired, retained and

made job offers to other individuals similarly situated to Lieberman but of a religion than Lieberman's.

34.   From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Lieberman was discriminated against by Defendants on the basis of his religion, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "Title 7"). The discrimination was engaged in by Defendants with malice and/or reckless indifference to whether Defendants were acting in violation of federal and state law.

## FOURTH CLAIM FOR RELIEF

### (Religious Discrimination under Nevada Law)

35.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 19, 21 through 26 and 30 through 34 of this Complaint as though fully set forth herein.

36.   From July 1, 2004 through the time of his discharge from Coast Hotels and Casinos, Lieberman was discriminated against by Defendants on the basis of his religion, in violation of Nevada Revised Statutes 613.330.

## FIFTH CLAIM FOR RELIEF

### (Tortious Discharge)

37.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 19, 21 through 26, 28, 30 through 34 and 36 of this Complaint as though fully set forth herein.

38.   Prior to beginning employment with Coast Hotels and Casinos in September, 1996, Lieberman was a shareholder in the Dickerson, Dickerson & Lieberman law firm.

39.   Based upon assurances of continued employment upon satisfactory performance from the Chief Executive Officer of Coast Hotels and Casinos, and other considerations, Lieberman left his position at Dickerson, Dickerson & Lieberman and took a substantial reduction in compensation from Coast Hotels and Casinos from the amount earned by Lieberman with Dickerson, Dickerson & Lieberman in 1995 to assume the position of General Counsel of Coast Hotels and Casinos.

40.   Between September, 1996 and his discharge in October, 2006, Lieberman performed his duties as General Counsel of Coast Hotels and Casinos in a professional and competent manner and received periodic increases in his annual compensation.

41. On or about July 1, 2004, Boyd Gaming Corporation merged directly with Coast Casinos, Inc. and indirectly with Coast Hotels and Casinos, Inc.

42. After such merger, Lieberman was advised by executives with both Boyd Gaming Corporation and Coast Hotels and Casinos that he was considered a valuable employee and would continue in his position as General Counsel of Coast Hotels and Casinos Lieberman was also named to be the Secretary of Coast Hotels and Casinos.

43. In or about December, 2005, Lieberman was assured in writing by William S. Boyd, the Chairman of the Board and Chief Executive Officer of Boyd Gaming Corporation that he was a "valued member of Boyd Gaming's management team" and that "[t]he Board of Directors recognize your contributions to the Company's success and believes that your dedication will continue to make Boyd Gaming one of the most admired and well respected, as well as profitable gaming companies in the industry."

44. On or about July 25, 2006, Mr. Boyd circulated a memorandum to all employees assuring all employees that: "David Ross, the Chief Operating Officer for our Coast Casinos Division, will remain at the helm, along with all the other general managers, casino managers, slot managers etc. **There will be no change to your current employment.**" (Emphasis added)

45. Based upon the multiple assurances provided by executives of Coast Hotels and Casinos and Boyd Gaming Corporation after July 1, 2004, and in reliance on such assurances, Lieberman chose to decline other opportunities for employment that were available after such date and continued to perform his job in a professional and competent manner.

46. In September, 2006, Lieberman was specially recognized as a ten-year employee of Coast Hotels and Casinos in a dinner ceremony at the Orleans Hotel and Casino.

47. Based upon all of the facts alleged in paragraphs 38 through 46 above, a relationship of trust and special reliance between Coast Hotels and Casinos and Lieberman was established.

48. Lieberman relied upon Boyd Gaming Corporation and Coast Hotels and Casinos to treat him fairly in the employment relationship based upon the assurances that had

been given to Lieberman and the other customary terms of employment for Coast Hotels and Casinos employees.

49. In discharging Lieberman without cause on October 31, 2006, Defendants violated the implied covenant of good faith and fair dealing in the employment relationship between Lieberman and Coast Hotels and Casinos.

50. The discharge of Lieberman without cause on October 31, 2006 was in bad faith and was done with oppression, fraud and/or malice.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract)

51. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19, 21 through 26, 28, 30 through 34, 36 and 38 through 50 of this Complaint as though fully set forth herein.

52. In the spring of 2006, Lieberman was advised by the Chief Operating Officer of Coast Hotels and Casinos that he was part of the Executive Bonus Plan offered by Boyd Gaming Corporation and that if certain "goals" were met by Boyd Gaming Corporation and Coast Hotels and Casinos, Lieberman would be entitled to a bonus of up to $45,000 for the year 2006.

53. Lieberman performed all services required of him until he was prevented from continuing to do so when he was discharged on October 31, 2006.

54. In January, 2007, Lieberman wrote a letter to Brian Larson, the General Counsel of Boyd Gaming Corporation and asked him to specifically advise Lieberman as to whether the specified financial goals had been reached and if so, the amount of the bonus to which Lieberman was entitled. Mr. Larson has failed and refused to respond to such request and no amount has been paid to Lieberman based upon the Executive Bonus Plan.

55. Defendants have breached their obligation to pay Lieberman the amounts promised under the Executive Bonus Plan as well as their failure to pay Lieberman accrued vacation time and/or accrued Paid Time Off.

. . .

. . .

## SEVENTH CLAIM FOR RELIEF

### (Retaliation in Violation of Title VII)

56. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19, 21 through 26, 28, 30 through 34, 36, 38 through 50 and 52 through 55 of this Complaint as though fully set forth herein.

57. After Lieberman filed the Charge of Discrimination with the Nevada Equal Rights Commission and the United States Equal Employment Opportunity Commission on November 17, 2006, Coast Hotels and Casinos and Boyd Gaming Corporation retaliated against Lieberman in the following ways:

   a. Defendants never provided Lieberman with the option to continue his health insurance for himself and his family under COBRA and, as a result, one of the providers of prescription drugs refused to fill prescriptions for Lieberman because they contended that the provider was unable to verify Lieberman's "eligibility for coverage." Lieberman telephoned "Coast Benefits," the administrator of the ERISA self insured group benefits plan for Coast Hotels and Casinos, Inc. and left a message but never received a return call. The next time Lieberman called Coast Benefits, a recorded message stated that the "number reached was not in service." The failure to offer COBRA coverage to Lieberman continues through the date of this Complaint.

   b. In the spring of 2006, Lieberman was advised by the Chief Operating Officer of Coast Hotels and Casinos that he was part of the Executive Bonus Plan offered by Boyd Gaming Corporation and that if certain "goals" were met by Boyd Gaming Corporation and Coast Hotels and Casinos, Lieberman would be entitled to a bonus of up to $45,000 for the year 2006. In January, 2007, Lieberman wrote a letter to Brian Larson, the General Counsel of Boyd Gaming Corporation and asked him to specifically advise Lieberman as to whether the specified financial goals had been reached and if so, the amount of the bonus to which Lieberman was entitled. Mr. Larson has failed and refused to respond to such request and no amount has been paid to Lieberman based upon the Executive Bonus Plan.

  c. During the years 2005 and 2006, Lieberman participated in a deferred compensation plan with Coast Hotels and Casinos which, as a result of Lieberman's discharge on October 31, 2006, required payout of all sums by January 31, 2007. The account in which the deferred compensation was liquidated by Defendants on January 11, 2007 but Defendants delayed sending the check for the net amount of the liquidated account until January 24, 2007, causing Lieberman to lose interest on such funds for approximately two weeks.

  d. On November 13, 2006, Lieberman sent a distribution request for his 401(k) Profit Sharing Plan to Defendants requesting that all sums in the account (approximately $170,000) be rolled over to a newly established account at TD Ameritrade. Lieberman provided all information necessary to make such transfer. The amounts in Lieberman's account were not sent to TD Ameritrade until more than one month after the request was made.

  e. After his discharge, Defendants failed to pay Lieberman for his accrued vacation time and/or Paid Time Off.

58. On March 9, 2007, Lieberman filed a Charge of Discrimination alleging retaliation with the United States Equal Employment Opportunity Commission. A "Right to Sue" letter was issued by the Equal Employment Opportunity Commission on June 25, 2007.

## EIGHTH CLAIM FOR RELIEF

### (Equitable Relief Including Reinstatement)

59. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19, 21 through 26, 28, 30 through 34, 36, 38 through 50, 52 through 55 and 57 through 58 of this Complaint as though fully set forth herein.

60. The actions taken by Defendants as alleged in this Complaint were intentional and constituted unlawful employment practices.

61. As a result of the intentional unlawful employment practices, Lieberman is entitled to reinstatement with back pay and Defendants should be enjoined from engaging in unlawful employment practices against Lieberman,

WHEREFORE Plaintiff prays for the following relief:

1. That Plaintiff be awarded compensatory damages of $300,000 and punitive damages of $300,000 and damages in an amount to be shown at trial for back pay and front pay, in addition to such other amounts as permitted by law with respect to Plaintiff's first and third claims for relief.

2. That Plaintiff be awarded compensatory and damages in the amount of $700,000 or such other amount as permitted by Nevada law with respect to Plaintiff's second and fourth claims for relief.

3. That Plaintiff be awarded compensatory damages in excess of $75,000 with respect to Plaintiff's fifth claim for relief.

4. That Plaintiff be awarded exemplary damages in excess of $75,000 with respect to Plaintiff's fifth claim for relief.

5. That Plaintiff be awarded damages of $45,000 with respect to Plaintiff's sixth claim for relief.

6. That Plaintiff be awarded damages in excess of $75,000 with respect to Plaintiff's seventh claim for relief.

7. That the court order Defendants to reinstate Plaintiff to the position he held on October 31, 2006 and enjoin the Defendants from further discriminating against the Plaintiff with respect to Plaintiff's eighth claim for relief.

8. That Plaintiff be awarded his costs of this action.

9. That Plaintiff be awarded reasonable attorney's fees.

10. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this 17th day of July, 2007.

PATRICK N. CHAPIN, Esq.
Nevada Bar No. 4946
PATRICK N. CHAPIN LTD.
129 Cassia Way
Henderson, Nevada 89014
Telephone: 702 433-7295
Facsimile: 702 403-1919

11

```
 1                              BARRY LIEBERMAN
                                Nevada Bar No. 0979
 2                              BARRY LIEBERMAN, ESQ. P.C.
                                9500 West Flamingo Road
 3                              Suite 108
                                LAS VEGAS, NEVADA 89147
 4                              Telephone: 702 880-8125
                                Facsimile: 702 880-8126
 5
 6                              Attorneys for Plaintiff
```

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plainitiff demands trial by jury of all issues triable of right by a jury.

```
                                _____
                                PATRICK N. CHAPIN, Esq.
                                Nevada Bar No. 4946
                                PATRICK N. CHAPIN LTD.
                                129 Cassia Way
                                Henderson, Nevada 89014
                                Telephone: 702 433-7295
                                Facsimile: 702 403-1919


                                BARRY LIEBERMAN
                                Nevada Bar No. 0979
                                BARRY LIEBERMAN, ESQ. P.C.
                                9500 West Flamingo Road
                                Suite 108
                                LAS VEGAS, NEVADA 89147
                                Telephone: 702 880-8125
                                Facsimile: 702 880-8126
```